## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second) class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio,
under the Act of March 3, 1879

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................. .35
When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25).........$15.00
No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.
Address all mail communications to P. O. Box 2455,
Cleveland, O.

#### EXPIRATIONS
We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

### NO PAPER HOLIDAY WEEK

Number 50, concluding the Abstract this year, will be dated December 25, Christmas Day, five weeks hence; but issued earlier in the week. As is our practice, there will be no paper Holiday Week, and this will make our first paper next year appear January 8. No. 50 will be a quarterly Digest, covering the Abstracts of October, November and December, 1926. This book, with the Semi-annual of June 30, and the Quarterly of October 2, will complete the Digest Service of the Abstract for the year.

This Digest, as its predecessors have been, will be built up by collating the weekly Abstract Digests for the period. This publication of a digest of the cases singly, each week, and collectively later, furnishes a Digest Service to its subscribers, that is unobtainable elsewhere.

### NEW BOOKS

"Inheritance and Inheritance Taxes" is the title of a recent work, by Paul W. Pinkerton and Jefferson H. Millsaps, published by Callaghan & Co. of Chicago. The book is intended as a practical working guide to the subject it covers. The volume is a large one, and has been made adaptable for every state, by giving the statutes of each of them. It is well indexed, and at the beginning of the statutes of each state is a Text, the laws of which follow it, that makes it easy for a researcher to trace out the provisions he may be in quest of. Being a complete and timely work upon this subject, it will be very servicable to Ohio lawyers. The price is $12.00.

No. 1023
No. 20040—The Scioto Valley Railway and Power Company v. Public Utilities Commission of Ohio. Error to Public Utilities Commission of Ohio.

208. CARRIERS—The Commission, in determining whether or not public convenience and necessity requires a change in motor transportation service, shall consider whether the public proposed to be served by such change, has or has not adequate common carrier transportation service independent of the proposed change.

ALLEN, J.

1. It is not the policy of the motor transportation statute, Sections 614-84 to 614-102, General Code, to promote unrestricted competition between common carriers. It is the policy of the statute that the public convenience and necessity be served by eristing utilities and that additional service be authorized only where the service rendered is inadequate and cannot or will not be made adequate by the existing utility.

2. Under the provisions of Section 614-93 General Code, when a motor transportation company desires to change, extend or shorten its route or to increase or decrease the number of vehicles or to substantially increase its seating capacity or to do any other act or thing which the applicant may be permitted to do under the general statutory laws and regulations of the State of Ohio, the Public Utilities Commission must determine whether public convenience and necessity requires such change in service. In this connection the Public Utilities Commission shall consider whether the public proposed to be served by such proposed change in motor transportation service has or has not adequate common carrier transportation service independent of the proposed change or increase insuch service to be rendered by the applicant.

Order reversed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur.

# Weekly Report of
# NEW CASES DOCKETED

### NEW CASES DOCKETED

Davidson v. Columbus (City) .................... 20179
Fullwood v. Canton (City) ...................... 20173
Garland v. Speidel ............................. 20175
Keller et v. West. Un. Telegraph Co............. 20180
Kohn v. Canton (City) .......................... 20174
McCone v. Joint Bd. Comm. ...................... 20178
Moore v. Blauser ............................... 20172
Nappi et v. Wilson ............................. 20182
Peterson v. Arms ............................... 20177
Rose Co. v. Ross ............................... 20181
Scottdale Mach. Mfg. Co. v. Tillotson & W. Co... 20185
Smith v. Fremont (City) ........................ 20176
State ex King v. Eveland, Auditor .............. 20184
State ex King v. Briggs, Auditor ............... 20183

NOV. 17, 1926
20172—James L. Moore v. J. W. Blauser; motion for Licking Appeals to certify. Eugene Moore, Newark, for pltf; Flory & Flory, Newark, for deft.

20173—F. H. Fullwood v. City of Canton et; error to Stark Appeals. Cope, Hart & Drukenbrod, Canton, and Hart & Koehler, Alliance, for pltf; J. E. Kinnison, Canton, for defts.